UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

DR. JAMES ERIC MCDONOUGH, individually,
    Plaintiff,

vs.

JEFFREY DUANE PORTER, in his individual capacity,
PORTER FOR MAYOR, a political campaign in the state
Florida, and JOHN DOE, in his individual capacity,
    Defendants.
_____/



FILED BY_____D.C.

SEP - 6 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**VERIFIED COMPLAINT**

INTRODUCTION

1.    Defendant, ex-Mayor Jeff Porter (Porter) runs an election campaign, Porter for Mayor (the Campaign), the Campaign, Porter and/or campaign worker John Doe (Doe) operate an official social media page on the website Facebook.com. Hereafter, these entities are collectively referred to as Defendant or Defendants. The title of the website is Jeff Porter for Mayor (the Facebook Page). The Facebook Page is a conspicuous political page which encourages the viewers to comment and express their opinion on current events as well as political and social matters. Whereas, the public is invited to make comments to posts on various topics placed on the Facebook Page wall.

2.    The Facebook Page, in the about section, states "We reserve the right to remove off-topic comments. This is not an official government page or connected to the City of Homestead Government." No other rules to govern conduct are provided.

1

3. Despite affirmatively opening this page for discourse and commentary, the Plaintiff has had his comments removed in violation of his First Amendment freedom of speech.

## JURISDICTION

4. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violation of his rights under the First and Fourteenth Amendments to the United States Constitution.

5. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to Fed.R.Civ.P. 65.

6. Venue is proper under 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff, Dr. James Eric McDonough (McDonough), is a resident of Miami-Dade County, Florida.

8. Defendant, Jeff Porter for Mayor (the Campaign), is a legal entity established under the election laws of the state of Florida and was at all times relevant to the case authorized by law to control and maintain the Facebook Page, Jeff Porter for Mayor, which is running political advertisements in Miami-Dade County, Florida.

9. Defendant, Jeff Porter (Porter), a resident of Miami-Dade County Florida is the head executive of the Campaign and was at all times relevant to the case, acting under the color of state law, and was authorized by law to control and monitor the activities of the Campaign and its Facebook Page activities.

10. Defendant, John Doe (Doe) was at all times relevant to the case, an employee or agent of the Campaign, acting under color of state law, and acting within the course and scope of his employment with the Campaign. The true name and capacity of John Doe is not currently

known to McDonough. McDonough will amend this complaint to reflect the true name of the party at such time as it becomes known.

## FACTS

11. Defendants operate a political Facebook Page. The purpose of the page is to share information with the community. Visitors are permitted to express their opinions on the Facebook Page. However, the Campaign reserves the right to remove comments deemed to be "off topic." There are no definitions on the page as to what is to be deemed "off topic."

12. The Campaign publishes posts on its Facebook Page, about information relating to items of general interest as well as things directly related to the Campaign and the upcoming election for mayor of the City of Homestead (Homestead). Visitors to the page are invited to read and "comment" on the posts.

13. The "comment" button allows the visitor to write, in his or her own words, a response to that post on the Facebook page. When a visitor comments, all those viewing the page can see and read the comment.

14. On July 19, 2019, the Campaign placed a post advising the public that Porter valued the opinions of others regarding issues facing Homestead residents, and asked viewers to participate in a survey.

15. On September 1, 2019, Plaintiff, while visiting the page, posted several comments in response to the Campaign's post. Plaintiff's first comment asked whether his comments would be deleted, along with other issues directly concerning Homestead, Porter and/or the Campaign. His second comment asked if Porter would sit down for an interview with Plaintiff in his capacity as a journalist. Plaintiff also addressed another commenter and advised them to take a screenshot

of their comment before it was deleted. Plaintiff's last comment related to the activity of one of the Campaign's workers/contributors attacking him on his page, True Homestead. See **Exhibit A**.

16. On September 2, 2019, Plaintiff discovered that his comments, as well as those of others who had been critical of the Campaign or Porter had been deleted, but other comments asking general questions or offering praise remained. See **Exhibit B**.

17. Additionally, on September 2, 2019, Plaintiff and others made new comments about their original comments being deleted. See **Exhibit C**.

18. On September 3, 2019, Plaintiff discovered that these new comments and those of others which did not paint a positive light on Porter had been deleted, while again positive comments and questions remained. See **Exhibit D**.

19. The Defendants worked collectively and/or individually to delete comments which were critical and/or could show Porter in a bad light, while comments which were positive and/or would show Porter in a good light were not removed. These censorship actions were used to create a false public narrative of support and/or to create a false narrative of a lack of opposition, thereby attempting to affect the outcome of the election by manipulating public opinions and perceptions.

**Count I- Violation of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983**
**(Against all Defendants)**

20. Plaintiff McDonough re-alleges and incorporates by reference paragraphs 1-19 above.

21. The Defendants collectively or singularly have engaged in arbitrary censorship of commentary that is posted on the Facebook Page of the Campaign. This censorship occurred by deleting Plaintiff's comments for political and/or other unconstitutional reasons.

22. The Facebook Page being a political campaign page is a public, not private, forum and political discourse made there constitutes pure speech. Further, social media sites such as the Facebook Page have been analogized by the Supreme Court to a "traditional" public forum. *See Packingham v. North Carolina*, 137 S. Ct. 1730, 1735 (2017).

23. There are no stated policies on the Facebook Page that put Plaintiff or any visitor on notice as to what comments would be considered "off topic."

24. Other comments which could arguably be "off topic" but of a positive nature were not removed—only comments which were critical of Porter or the Campaign were deleted.

25. Plaintiff's comments that were censored cannot be considered "off topic." They were made in reply to a post requesting opinions from residents regarding Homestead. Additionally, Positive comments and questions which were made before and after Plaintiff's comments have not been deleted.

26. This censorship has deprived Plaintiff of his right to freedom of speech guaranteed by the First and Fourteenth Amendments to the United States Constitution.

27. This censorship is viewpoint based, as it is attempting to limit Plaintiff's ability to express an ideology or perspective that is unfavorable to the Defendants, and is therefore presumptively invalid.

28. The deliberate actions of the Defendants have risen to the level of policy or custom through its policy makers Porter; and/or Doe; such that the Campaign is responsible for the unconstitutional actions of their employees and officers. In the alternative, the Campaign is vicariously liable for the actions of all its workers.

29. The custom, policy, and/or practices of the Campaign, through its policy makers Porter and/or Doe, was the primary moving force behind the actions of the Campaign that deprived Plaintiff McDonough of his rights under the First and Fourteenth Amendments.

30. As a direct and proximate result of the Defendants' actions, Plaintiff McDonough has suffered irritation and shame at being denied the same access to a public forum as any other citizen of the United States should enjoy. He has also been denied the right to exercise his freedom of speech to communicate on topics of importance to society, during an election cycle no less.

WHEREFORE, Plaintiff respectfully request this Court:

A. Award the Plaintiff compensatory and punitive damages.

B. Issue a declaratory judgment that the Defendant's administration of the Facebook Page violates the First and Fourteenth Amendments to the United States Constitution.

C. Enter a temporary and/or permanent injunction directing the Defendant(s) to cease any further deletion of Plaintiff's comments and/or those of others.

D. Award reasonable expenses and costs incurred in the litigation, including any reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988.

E. Order other relief the Court deems just and equitable.

Dated: September 6, 2019

Respectfully submitted,

Dr. James Eric McDonough,
Pro se Plaintiff
32320 S.W. 199th Avenue
Homestead, Fl 33030
571-245-5410
Phd2b05@gmail.com

## **VERIFICATION PAGE**

As Affiant, I, Dr. James Eric McDonough, hereby declare under penalty of perjury that the above facts are true and correct to the best of my knowledge and ability. Further, Affiant sayeth not.

_____
DR. JAMES ERIC MCDONOUGH, Affiant

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

Sworn to and subscribed before me this 6th day of September 2019 by Dr. James Eric McDonough.

_____
Signature of Notary Public – State of Florida

MATTHEW T. OAKEY
_____
Name of Notary, Typed, Printed or Stamped

[Notary Seal: MATTHEW T OAKEY, MY COMMISSION # GG080788, EXPIRES March 25, 2021]

☒ Known _____ OR Produced Identification _____

Type of Identification Produced _____